STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; NORTH CAROLINA NATURAL GAS CORPORATION (APPLICANT); AND PUBLIC STAFF—NORTH CAROLINA UTILITIES COMMISSION v. CAROLINA UTILITY CUSTOMERS ASSOCIATION, INC.

No. 9110UC168

(Filed 16 June 1992)

**Utilities Commission § 22 (NCI3d) — natural gas — increased cost of additional supplies — rate increase — necessity for general rate case**

The Utilities Commission was without authority to allow a natural gas utility to increase its rates pursuant to N.C.G.S. § 62-133(f) based on the increased cost of additional gas supplies since this matter should have been considered in a general rate case.

**Am Jur 2d, Public Utilities §§ 138, 321.**

STATE ex rel. UTILITIES COMM. v. CAROLINA UTILITY CUST. ASSN.

[106 N.C. App. 491 (1992)]

APPEAL by intervenor Carolina Utility Customers Association, Inc. from an order of the North Carolina Utilities Commission entered 31 October 1990. Heard in the Court of Appeals 13 November 1991.

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Donald W. McCoy and Jeffrey N. Surles, for applicant-appellee North Carolina Natural Gas Corporation.*

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, P.A., by Sam J. Ervin, IV, for intervenor-appellant.*

WELLS, Judge.

In an application dated 8 October 1990, North Carolina Natural Gas Corporation (hereinafter N.C.N.G.) applied to the North Carolina Utilities Commission (hereinafter the Commission) for permission to increase its rates to North Carolina customers. Carolina Utility Customers Association (hereinafter CUCA) was allowed to intervene, by order of the Commission dated 26 October 1990.

N.C.N.G.'s application was filed pursuant to N.C. Gen. Stat. § 62-133(f). In its application, N.C.N.G. represented that it had arranged to receive additional natural gas supplies from Trans-Continental Gas Pipeline Corporation (Transco), which would increase its overall cost of gas and requested permission to pass on this increased cost through various rate increases to its residential, commercial, and industrial customers.

CUCA, in its intervention, alleged that N.C.N.G.'s application should be considered only after a full evidentiary hearing in a general rate case proceeding under G.S. § 62-133(a) through (c). The Commission denied CUCA's request and allowed the proposed increases to go into effect.

For the same reasons stated in our opinion in *State of North Carolina ex rel. Utilities Commission et al v. Carolina Utility Customers Association, Inc. et al* (No. 911UC205, filed 19 May 1992), 106 N.C. App. 306, 416 S.E.2d 199 (1992), the Commission was without authority to allow the rate increase pursuant to the provisions of G.S. § 62-133(f). Therefore, the order of the Commission under appeal in this case must be and is

Reversed and vacated.

Judges EAGLES and WALKER concur.